IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GREGORY HUMPHREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-006 |
| | ) | |
| MICHAEL ALLEN, CO II Officer, and | ) | |
| RYAN MOSES, CO II Officer, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Valdosta State Prison in Valdosta, Georgia, is proceeding *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.    BACKGROUND

Plaintiff names the following Defendants:  (1) Michael Allen; and (2) Ryan Moses. (Doc. no. 1, pp. 1, 4.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On May 6, 2018, Officers Allen and Moses were working in the administrative segregation unit at ASMP, where Plaintiff was housed.  (Id. at 5.)  The officers were

responsible for securing the unit but failed to lock the cell doors with deadbolts, which allowed two inmates, Conley Stokes and Oliver Tamper, to unlock their cells. (<u>Id.</u>) The inmates broke into Plaintiff's cell, robbed him, and beat him with locks they removed from the unsecured door flaps. (<u>Id.</u>) Plaintiff received six staples on the back of his head and his bottom teeth were knocked loose. (<u>Id.</u>) Plaintiff filed a grievance and, on June 18, 2018, received notification the grievance was denied. (<u>Id.</u> at 3.) Plaintiff did not appeal the denial because he did not receive an appeal form. (<u>Id.</u> at 4.) As relief, Plaintiff seeks compensatory, punitive, and nominal damages against Defendants, costs, and any additional relief the Court deems just, proper, and equitable. (<u>Id.</u> at 6.)

## II.    DISCUSSION

### A.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." <u>Wilkerson v. H & S, Inc.</u>, 366 F. App'x 49, 51 (11th Cir. 2010) (citing <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

2

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**B.     Plaintiff Fails to State A Claim Based on Deliberate Indifference**

Plaintiff has failed to state a viable Eighth Amendment claim against Defendants for deliberate indifference to a substantial risk of serious harm. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). To establish such a claim, a prisoner "must allege facts sufficient to show (1) a substantial risk

of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). However, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring plaintiff to show "more than mere negligence," and stating courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

At most, Plaintiff alleges negligence, which is insufficient to state a § 1983 claim. Plaintiff merely alleges Defendants failed to lock the cell doors with deadbolts. (Doc. no. 1, p. 5.) Plaintiff does not allege this failure was intentional or that the failure occurred despite Defendants' knowledge of a specific threat or looming attack on Plaintiff. Accordingly, Plaintiff fails to establish a deliberate indifference claim against Defendants.

### C.   Plaintiff also Failed to Exhaust Administrative Remedies

#### 1.   The Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Dismissal for failure to state a claim is appropriate if it is clear from the face of a complaint that the plaintiff failed to exhaust administrative remedies. See Jones v. Bock, 549 U.S. 199, 215 (2007); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011); Solliday v. Federal Officers, 413 F. App'x 206, 208 (11th Cir. 2011); Anderson v. Donald, 261 F. App'x 254,

256 (11th Cir. 2008). The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012); Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).[1] Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are

[1]Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 537-38 (7th Cir. 1999).

"plain, speedy, [or] effective."   <u>Porter</u>, 534 U.S. at 524; <u>see also</u> <u>Alexander</u>, 159 F.3d at 1326.   Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" <u>Johnson</u>, 418 F.3d at 1155, 1156.

### 2.    Administrative Grievance Procedure

Because the alleged incident took place on May 6, 2018, the administrative grievance procedure is governed by the version of the Georgia Department of Corrections' Standard Operating Procedure ("SOP") 227.02, which became effective on February 26, 2018.   The administrative remedies procedure commences with the filing of a grievance with the inmate's counselor.   SOP 227.02 § IV(C)(1)(c).   The inmate's counselor forwards the grievance to the grievance coordinator, who must screen the grievance to determine whether to accept it or recommend the Warden reject it.   <u>Id.</u> § IV(C)(1)(e)(i).   The inmate has ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the grievance.   <u>Id.</u> § IV(C)(1)(d).   The timeliness requirements of the administrative process may be waived upon a showing of good cause.   <u>Id.</u>   Should the grievance coordinator recommend rejection, the SOP requires the Warden give a response to the inmate's counselor to deliver to the inmate within forty calendar days of its original receipt; a onetime ten-calendar-day extension may be granted.   <u>Id.</u> § IV(C)(1)(g).

If the inmate is not satisfied with the Warden's response to the grievance or the time allowed for the decision to be delivered to the inmate has expired, he has seven calendar days from the receipt of the response to file an appeal to the Central Office of the Commissioner; the Office of the Commissioner or his designee has 120 calendar days after receipt of the

grievance appeal to respond.  Id. § IV(C)(2).  The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office.  See id.

### 3.    Plaintiff's Failure to Exhaust

In his complaint, Plaintiff states he did not file an appeal to the Central Office after receiving the denial of his grievance on June 18, 2018.  (Doc. no. 1, pp. 3.)  To excuse his failure, Plaintiff merely states he did not receive an appeal form.  (Id. at 4.)  He does not describe any steps he took to obtain an appeal form or contend prison officials hindered him from filing an appeal or otherwise made the process unavailable to him.

The PLRA requires proper exhaustion of available administrative remedies prior to filing a federal lawsuit, which includes a requirement for compliance with procedural rules governing prisoner grievances.  Johnson, 418 F.3d at 1159.  Additionally, because proper exhaustion of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff had to complete the entire administrative grievance procedure *before* initiating this suit.  Higginbottom, 223 F.3d at 1261.  It is plain from the face of Plaintiff's complaint, he failed to complete the entire grievance process prior to commending this case.  Although, Plaintiff says he did not receive an appeal form, there is no indication the administrative remedies were unavailable to him.  Johnson, 418 F.3d at 1155, 1156.  Therefore, the complaint fails to state a claim upon which relief can be granted.  See Solliday, 413 F. App'x at 208 ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.").

**III.    CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of February, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA